

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2003

# K.P. v. Corsey

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"K.P. v. Corsey" (2003). *2003 Decisions.* Paper 207.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/207

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4374

K.P., a minor by her parent and guardian,
S.C., in her own right,

Appellants

v.

WILLIAM CORSEY, III, DEPTFORD TOWNSHIP BOARD OF
EDUCATION and DEPTFORD TOWNSHIP HIGH SCHOOL,
jointly, severally, individually and/or in the alternative

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 02-cv-1777)
District Judge:  Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2003
Before:  RENDELL, WEIS and GARTH, Circuit Judges.
Filed: October 14, 2003

_____

OPINION

_____

WEIS, Circuit Judge.

In March 1999, K.P. was a student at the Deptford Township High School

and a member of the track team.  She alleges that after practice one day she was sexually

1

assaulted by the coach, defendant Corsey.

Plaintiff and her parents filed suit in state court asserting federal claims under Title IX, 20 U.S.C. § 1681, 42 U.S.C. § 1983, and state counts under the New Jersey Law Against Discrimination ("N.J.L.A.D."), N.J.S.A. 10:5-1, et. seq., and N.J.S.A. 2A:61B-1. The defendant school district removed the case to the United States District Court for the District of New Jersey.

Plaintiffs dismissed the claim against Corsey and, relying on Title IX principles, the District Court granted summary judgment for the other defendants. Plaintiffs have appealed only the judgment in favor of the school board under the N.J.L.A.D. They contend that we should reject the District Court's application of Title IX principles to the state claims in this case or, in the alternative, certify the issue to the New Jersey Supreme Court.

The District Court recognized that the New Jersey Supreme Court has held an employer liable for sexual harassment in the workplace. Lehmann v. Toys 'R Us, Inc., 626 A.2d 445 (N.J. 1993). The New Jersey Court has yet to extend that holding to the public school context.

In the absence of controlling state law, the District Court turned to the analogous federal statute, Title IX, and its pertinent interpretations by the United States Supreme Court. The Court has held that Title IX prohibits the application of agency principles and the common law vicarious liability doctrine in the public school context.

2

<u>Gebser v. Lago Vista Independent School District</u>, 524 U.S. 274, 283, 290 (1998). In doing so, the Court decided that actual notice and deliberate indifference on the part of an appropriate person were required to impose Title IX liability on a school district for the derelictions of a teacher. <u>Id</u>. at 292-93.

The District Court observed that here no such evidence had been produced and, consequently, the school board was entitled to summary judgment under Title IX. After disposing of the federal claims, the District Court had to decide if it should address the novel issue of whether the plaintiff's claims were cognizable under the N.J.L.A.D.

At the time the District Court decided to do so, it did not have the benefit of our recent opinion in <u>DeAsencio v. Tyson Foods, Inc.</u>, No. 02-3719 (3d Cir. September 8, 2003). In that case, we held that the District Court should not have exercised supplemental jurisdiction over state law claims which were not congruent with the pleaded federal counts. We observed that 28 U.S.C. § 1367 specifies the limited circumstances where the District Court may decline *pendent jurisdiction,* such as where the claim raises a novel or complex issue of state law, state law substantially predominates over the federal issue, the District Court has dismissed claims over which it had original jurisdiction, or, in exceptional circumstances, where there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367©)(1-4). <u>See</u> <u>also</u> <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966); <u>Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.</u>, 140 F.3d 478 (3d Cir. 1998); <u>Borough of West</u>

3

Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995).

The question before us at this point is whether the state law claims here should have been remanded to the New Jersey courts. It is interesting that in Gebser, where the circumstances were similar to those here, after concluding that Title IX did not apply to a sexual harassment claim, the District Court remanded the remaining state law issue to the state forum.

We are persuaded that how the N.J.L.A.D. applies to the facts in this case is a novel and complex issue of state law. Although Lehmann v. Toys 'R Us, Inc., 626 A.2d 445 (N.J. 1993), established the applicability of the statute in the employment setting, the relationship between a school board and students is quite different. In Frugis v. Bracigliano, 827 A.2d 1040, 1050 (N.J. 2003), the New Jersey Court articulated the duty owed by school officials to the children in their care. Although that case has several distinguishing features, the general tone of the opinion leaves some doubt in our minds that the New Jersey courts would apply the reasoning of Gebser to the N.J.L.A.D. We point out that Frugis is also a very recent case and was not available to the District Court at the time it reached its decision.

We recognize that New Jersey has adopted Title VII standards in employment cases. See Lehmann, 626 A.2d at 452. But whether analogous federal standards will be followed in a school-based sexual harassment claim under the N.J.L.A.D. is an open issue that implicates both legal and public policy concerns. It

4

seems clear that the defendant school district had in effect a zero-tolerance policy against sexual harassment. Whether that policy protects the taxpayers against monetary claims by students remains a balancing process which should properly be decided by the state courts. See Frugis, 827 A.2d at 1054 (discussing New Jersey public policy of placing limitations on liability of public entities). A disposition of the issue may also benefit from further factual development on the relationship between an athletic coach and team members as contrasted with that of a teacher and a student. See State v. Buscham, 823 A.2d 71 (N.J. Super. Ct. App. Div. 2003).

In view of the foregoing uncertainties about applicable state law, we conclude that failing to remand the state law issues to the state courts was not a proper exercise of discretion under the circumstances.

Although at this point the parties may prefer to have the question certified to the New Jersey Supreme Court, we feel that the case should proceed in the regular fashion through the Superior Court. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). We observe also that the Federal Court Study Committee concluded that, "[i]n order to minimize friction between state and federal courts, Congress should direct

federal courts to dismiss state law claims if these claims predominate or if they present novel or complex questions of state law . . . ."  Report of the Federal Court Study Committee 47-48 (1990).

Accordingly, we will reverse the judgment as to the N.J.L.A.D., and remand the case to the District Court with instructions to remand the claims under the N.J.L.A.D. to the state courts.

RENDELL, Circuit Judge, dissenting:

I write separately in dissent to voice confidence in, and support for, the proposition that under our current statutory scheme, the district courts may exercise supplemental jurisdiction to decide issues of state law pursuant to 28 U.S.C. § 1367.  In our recent opinion in De Asencio v. Tyson Foods, Inc., 2003 U.S. App. LEXIS 18542 (3d Cir. Sept. 8, 2003), we did find fault with the district court's exercise of such jurisdiction, but we went to great pains to explain the unique setting in which we found such exercise to be an abuse.[1]

Here, the District Court decided the discrete state law issue of the appropriate

---

[1] De Asencio involved a class action brought in federal court alleging claims under the federal Fair Labor Standards Act and the Pennsylvania Wage Payment and Collection Law.  There, we found the district court's certification of the state law class to be an abuse of discretion based on the incompatibility of the federal opt-in scheme with the opt-out scheme for the state law class, and the disparity in class size (447 for the federal claim; 4100 for the state law claim).  De Asencio, 2003 U.S. App. LEXIS 18542 at *22-*24.  In reaching our conclusion, we also noted that "unique circumstances" surrounded the litigation, and suggested that the bringing of the state law class claim was a strategic move.  Id. at *26-*27.

6

standard to be applied under the New Jersey Law Against Discrimination. While, clearly, a district court may decline to exercise jurisdiction over such an issue, so, too, is it empowered to decide such an issue.[2] Here, it did so, and the parties are entitled to our view as to whether its decision was correct. Instead, the majority has issued a sweeping ruling, *sua sponte*, that the District Court abused its discretion by deciding the issue and should have remanded it to state court.

I disagree. The District Court here had every right to decide the issue as presented, and our requiring a remand to the state court will result in a waste of the parties' and the state court's time. The parties have specifically sought only our review or, alternatively, our certification of the issue – admittedly a unique state law issue – to the New Jersey Supreme Court. Either of those options would, in my mind, be viable. Sending them back to state court, after the District Court has opined on the issue, is not. Accordingly, I respectfully dissent.

---

[2]While other courts of appeals have held that district courts abuse their discretion by retaining jurisdiction over pendent state law claims after all related federal claims have been dismissed, see, e.g., Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993) (requiring remand of such claims absent "extraordinary circumstances"), we have declined to adopt such a limitation on the discretion of district courts within our circuit, see In re Paoli R.R. Yard PCB Litig., 35 F.3d 717 (3d Cir. 1994) (examining broader principles of judicial economy and holding that the district court did not abuse its discretion in granting summary judgment on state law claims after federal CERCLA claims were dismissed prior to trial), neither does the language of the statute mandate such a limitation. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction" (emphasis added)).

_____

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/ Joseph F. Weis, Jr.

Circuit Judge

8